IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY LEE HAWKINS, #282418, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-197-WHA |
| ) | |
| DRUG ENFORCEMENT AGENCY – ) | |
| CHEROKEE CO. SHERIFF'S DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jeffrey Lee Hawkins, a state inmate currently incarcerated at the Kilby Correctional Facility.  In this complaint, Hawkins challenges the constitutionality of a search and seizure conducted by law enforcement officials on May 15, 2018 in Cherokee County, Alabama.  Doc. 1 at 2–3.

Upon review of the complaint and under the circumstances presented therein, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

**II.  DISCUSSION**

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Upon initiation of this civil action, Hawkins filed an application for leave to proceed *in forma pauperis*.  Doc. 3.  Under the circumstances of this case, the court concludes that the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]").

Cherokee County, Alabama is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which Hawkins complains occurred in the Northern District of Alabama. Moreover, the facts set forth in the complaint indicate that the individuals responsible for the actions about which Hawkins complains reside in the Northern District of Alabama. Under these circumstances, the claims asserted by Hawkins are beyond the venue of this court. However, it is clear from the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court finds that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

---

[2]In transferring this case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **April 5, 2019**, the plaintiff may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the plaintiff from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of March, 2019.

       /s/ Charles S. Coody
       UNITED STATES MAGISTRATE JUDGE